## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH N. BAKER,                          )
                                           )
    Petitioner,                )         Civil Action No. 16-224
                                           )         Magistrate Judge Maureen P. Kelly
    v.                         )
                                           )
ROBERT GILMORE, THE ATTORNEY,              )
GENERAL OF THE STATE OF                    )
PENNSYLVANIA and DISTRICT                  )
ATTORNEY OF BEAVER COUNTY,                 )
                                           )
    Respondents.               )

### OPINION AND ORDER

Kenneth Baker ("Petitioner"), has filed his amended pro se Petition Under 28 U.S.C. §
2254 for Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition"), ECF
No. 28, which is the operative petition, seeking to attack his state court convictions for
aggravated assault, rape, involuntary deviate sexual intercourse, aggravated indecent assault,
unlawful restraint and simple assault in connection with his attack on his estranged girlfriend in
her home in July, 2010.   As a consequence of these convictions, Petitioner is serving an
aggregate sentence of 24½ to 49 years.

For the reasons that follow, the Amended Petition will be denied because none of the
grounds for relief merits the grant of federal habeas relief.   Furthermore, because jurists of
reason would not find this disposition of the Amended Petition debatable, a certificate of
appealability will also be denied.

### I.  FACTUAL BACKGROUND

The Pennsylvania Superior Court in its November 21, 2014 Memorandum, adopted as its

own, the summary of facts which the Post Conviction Relief Act ("PCRA") trial court provided as follows:

The evidence and testimony presented at trial indicated that, on the evening of Saturday, July 24, 2010, Karen Dreher [i.e., the crime victim] attended her 30–year high school reunion with her cousin at the Beaver Valley Country Club. T.T., at 61–64.[1] They stayed at the reunion until approximately midnight, at which time they went to Li'l Joe's bar in Beaver Falls with some friends. *Id.* at 67–68. At approximately 2:00 a.m., Ms. Dreher left the bar, and her cousin drove her to her home at 2207 7th Avenue in Beaver Falls. *Id.* at 68. Her cousin then watched as Ms. Dreher exited the vehicle and entered her house. *Id.* at 71.

---
[1] The Court notes that Ms. Dreher, who was the victim of the underlying crimes in the above-captioned matter, suffered a stroke in 2004 and, as a result, has had difficulty communicating verbally since that time.

Upon entering the house, Ms. Dreher found her estranged boyfriend, the Defendant Kenneth N. Baker (hereinafter, "Defendant"), in a back room of her house.[2] *Id.* at 95, 110–11. She indicated to Defendant that he startled her and that she was going upstairs to get undressed and to go to sleep. *Id.* at 111–12. According to Ms. Dreher, Defendant then followed her upstairs and began beating her, pulling her hair out, tearing her nightgown, and attempting to choke her "to death." *Id.* at 114, 126, 161. She testified that she felt as though she was dying as he choked her. *Id.* at 114. Ms. Dreher also testified that, after beating her, Defendant inserted a metal tube into her anus and had sex with her against her will. *Id.* at 115. Ms. Dreher indicated that, after this abuse took place, Defendant made her bathe and wash her clothes. *Id.* at 115–16. According to Ms. Dreher, Defendant prevented her from leaving the house or calling for help until shortly before noon on Monday, July 26, 2010, after he left. *Id.* at 118. Once Defendant left the house, Ms. Dreher escaped to the residence of her neighbor Vernon Jeter, and the police and paramedics were called. *Id.* at 118–19. Ms. Dreher was then transported to the Heritage Valley Medical Center where she was examined and treated for her injuries. *Id.* at 119–20.

---
[2] Other testimony presented at trial suggested that Ms. Dreher let Defendant into her house. *Id.* at 488.

At approximately 1:30 p.m. on July 26, 2010, Detective Kevin Burau of the Beaver Falls Police Department reported to the Heritage Valley Medical Center to

speak with Ms. Dreher. T.T., at 318–19. Upon arrival, Detective Burau was told by Ms. Dreher that she was physically and sexually assaulted by Defendant in her home after returning to the residence early Sunday morning, July 25, 2010. *Id.* at 320–24. While speaking to Ms. Dreher, Detective Burau observed that she had bruises, scratches, and swelling on her face and neck and that she was visibly shaken and in pain. *Id.* at 320, 323. Following this discussion, Detective Burau obtained the sexual assault evidence collection kit that was assembled in connection with this ease. *Id.* at 325. Detective Burau then secured a search warrant for Ms. Dreher's residence to collect additional evidence relating to this matter. *Id.* at 325–26.

Com. v. Baker, 152 WDA 2014, 2014 WL 10788752, at *1–2 (Pa. Super. Nov. 21, 2014);

PCRA Trial Court Opin., ECF No. 9-19 at 1 – 2.[1]

## II. PROCEDURAL HISTORY

### A. State Court Procedural History

The Pennsylvania Superior Court, in its November 21, 2014 Memorandum also adopted

the PCRA trial court's recounting of the state court procedural history as follows:

On July 27, 2010, Detective Burau filed a criminal complaint charging Defendant with one count of aggravated assault, one count of burglary, one count of criminal trespass, two counts of rape, two counts of involuntary deviate sexual intercourse, one count of sexual assault, three counts of aggravated indecent assault, three counts of indecent assault, two counts of unlawful restraint, two counts of simple assault, one count of recklessly endangering another person, and one count of harassment. A warrant was issued for Defendant's arrest, and, on August 12, 2010, Defendant was confined in the Beaver County Jail. Approximately one month later, Defendant posted bail and was released.

Following a preliminary hearing on November 5, 2010, the charges were held for Court. On November 29, 2010, the Commonwealth filed an Information charging Defendant with the above-listed offenses. Initially, Defendant was scheduled for trial during the January 2011 trial term; however, on January 27,

[1] Whenever there is a discrepancy between the opinion published on Westlaw and the copy provided to this Court attached to Respondents' Answer, the copy attached to Respondents' Answer will control.

2011, defense attorney Stephen D. Colafella withdrew his appearance on behalf of Defendant because of Defendant's inability to meet his financial obligations to Mr. Colafella. As a result, Defendant's trial was continued to the March 2011 trial term. Defendant subsequently violated the requirements of his bond by failing to provide notice of his change of address, and he failed to appear at a Criminal Judicial Pre–Trial Conference scheduled for February 15, 2011. As a result, a bench warrant was issued on February 16, 2011, and Defendant was again incarcerated on February 28, 2011.

On March 7, 2011, Assistant Public Defender Thomas Kurt Fuchel entered his appearance on behalf of Defendant, and the trial was continued to the May 2011 trial term in order to provide time for defense counsel to prepare. On March 30, 2011, Defendant filed a *pro se* Motion for Conflicts Counsel, alleging that Attorney Fuchel was negotiating a plea agreement on behalf of Defendant without having met with him. Defendant later filed a *pro se* Motion for Ineffective Counsel as well as a *pro se* Motion for Conflict of Interest, in which Defendant alleges that prosecuting attorney Frank Martocci represented Defendant in a 1998 case. These motions were forwarded to Attorney Fuchel in accordance with Rule 576(A)(4) of the Pennsylvania Rules of Criminal Procedure, and no further action was taken on them.

On May 10, 2011, the trial was again continued to the July 2011 trial term because Defendant was waiting on DNA analysis and discovery photos. On July 12, 2011, the Commonwealth filed an Amended Information which included one count each of aggravated assault (18 Pa.C.S.A. § 2702(a)(1)), criminal trespass (18 Pa.C.S.A. § 3503(a)(1)(i)), rape (18 Pa.C.S.A. § 3121(a)(1)), involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123(a)(1)), aggravated indecent assault (18 Pa.C.S.A. § 3125(a)(2)), indecent assault (18 Pa.C.S.A. § 3126(a)(2)), unlawful restraint (18 Pa.C.S.A. § 2902(a)(1)), simple assault (18 Pa.C.S.A. § 2701(a)(1)), and harassment (18 Pa.C.S.A. § 2709(a)(1)),

Defendant's trial took place on July 13, 14, and 15, 2011. Following trial, the jury returned a verdict of not guilty on the charge of criminal trespass and a verdict of guilty on the charges of aggravated assault, rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, unlawful restraint, and simple assault. The Court also found Defendant guilty of the summary offense of harassment.

On July 18, 2011, the Court set a date for sentencing and ordered that Defendant undergo a Sexually Violent Predator Assessment. On the same date, Defendant filed a *pro se* Notice of Appeal and Request for Transcripts which

were forwarded to Attorney Fuchel. Defendant submitted a similar motion on September 1, 2011 which was also forwarded to Attorney Fuchel.

Defendant's Assessment was conducted on September 23, 2011 by Julia L. Lindemuth, a member of the Pennsylvania Sexual Offenders Assessment Board. After the assessment, the Commonwealth requested a hearing to determine Defendant's status as a sexually violent predator. On September 27, 2011, prior to his sentencing, Defendant again filed a *pro se* Motion for Conflicts Counsel which was also forwarded to the Public Defender's Office. No action was taken on his Motion until the sentencing hearing on October 25, 2011.

During the sentencing hearing, Defendant was represented by Assistant Public Defender Ronald Rojas, who was appointed to replace Attorney Fuchel after he left the Public Defender's Office. Through his *pro se* Motion for Conflicts Counsel, Defendant indicated that he was seeking to raise issues of ineffective assistance of counsel relating to Attorney Fuchel's representation of Defendant during trial. Citing *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), the Court refrained from addressing Defendant's ineffectiveness claims at the sentencing hearing, stating that such issues should not be raised until collateral review. The Court then heard testimony from Ms. Lindemuth and Defendant on the issue of Defendant's status as a sexually violent predator. Following the testimony and arguments, the Court found that Defendant has anti-social personality disorder, causing him to sexually offend Ms. Dreher and making it likely that Defendant will reoffend. As a result, the Court concluded that Defendant should be classified as a sexually violent predator. The Court also sentenced Defendant to a term of incarceration of 24 and one-half years to 49 years based on his convictions for aggravated assault, rape, involuntary deviate sexual intercourse, and unlawful restraint.

On November 2, 2011, Defendant, through Attorney Rojas, filed a Post Sentence Motion challenging the weight and sufficiency of the evidence and requesting a new trial or dismissal of the charges. The Court scheduled oral argument on the Motion for January 30, 2012. During the following months, Defendant filed a *pro se* Motion to Modify and Reduce Sentence, two *pro se* Petitions to Proceed In Forma Pauperis, a *pro se* Notice of Appeal, a *pro se* motion alleging ineffective assistance of counsel, a *pro se* Petition for Nunc Pro Tune—Rule, a *pro se* Application for Credit Time, and a *pro se* Motion for Post Conviction Collateral Relief. No action was taken on these motions other than to forward them to Attorney Rojas. After hearing oral argument on Defendant's Post Sentence Motion, the Court denied the Motion in an Opinion dated February 15, 2012. On March 14, 2012, Defendant appealed, and on

December 3, 2012, the Superior Court of Pennsylvania affirmed the judgment of sentence.

Upon receipt of Defendant's *pro se* Motion for Post Conviction Collateral Relief that was filed on January 18, 2012, the Court appointed Attorney Steven Valsamidis to represent Defendant in these collateral proceedings. Attorney Valsamidis subsequently requested and was granted leave to withdraw from this matter due to a conflict of interest. As a result, on May 29, 2013, Attorney Sherri Hurst was appointed to represent Defendant in these collateral proceedings. After review of the record in this matter and the applicable law, Attorney Hurst filed a no-merit letter, concluding that the issues raised by Defendant lack merit and that no other issues could be raised on Defendant's behalf that would make him eligible for relief. On November 25, 2013, Defendant filed a *pro se* Notice of Appeal. The Notice was not docketed or forwarded to the Superior Court because Defendant failed to include the proper proof of service and filing fee. On December 6, 2013, the Court granted Attorney Hurst leave to withdraw from this matter and provided Defendant with 21 days to show cause why his Motion for Post Conviction Collateral Relief should not be dismissed. On December 16, 2013, Defendant filed a document entitled Intention to Not Dismiss Petition for Relief Under P.C.R.A. After review of this document, the Court dismissed Defendant's Motion for Post Conviction Collateral Relief on January 7, 2014. In doing so, the Court incorporated the reasoning specified in Attorney Hurst's no merit letter.

On January 20, 2014, Defendant filed the instant pro se Notice of Appeal. The Court subsequently granted Defendant leave to proceed in forma pauperis and directed Defendant to file a Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On February 6, 2014, Defendant filed a pro se Pa.R.A.P.1925(b) Statement raising 13 allegations of error.

Com. v. Baker, 2014 WL 10788752, at *2–4; ECF No. 9-19 at 2 – 7.

The Superior Court affirmed the denial of PCRA relief and adopted the reasoning of the

PCRA trial court as its own. Id. at 1; ECF No. 9-22 at 2 ("We conclude that Judge Tesla's 21-

page opinion accurately and thoughtfully disposes of the issues presented by Appellant.

Accordingly, we adopt his opinion as our own and affirm the order denying Appellant's PCRA petition on that basis.") (footnote omitted).

After the Superior Court affirmed the denial of PCRA relief, Petitioner filed a pro se Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which denied relief on March 30, 2015. Commonwealth v. Baker, No. 611 WAL 2014 (Pa.).

After initiating this current federal habeas proceeding on March 1, 2016 in this Court and after Respondents filed their Answer, ECF No. 9, wherein they pointed out that Petitioner had not properly exhausted two of his Grounds For Relief, which he had raised in his original habeas petition filed at ECF No. 3, Petitioner requested this Court to stay these federal habeas proceedings in order for him to go back to state court and exhaust his state court remedies. ECF No. 14. This Court granted the stay. ECF No. 15.

Petitioner then filed a Second PCRA Petition in the state courts on April 25, 2017. ECF No. 37 at 28 – 29.[2] The PCRA Court, on April 26, 2017, entered a Preliminary Order and Notice of Court, indicating that it intended to dismiss the second PCRA Petition because Petitioner was not entitled to relief and notifying Petitioner that he was permitted to file a response to that Preliminary Order and Notice of Court. ECF No. 37 at 25 - 26. After being granted an extension of time to file his Response, ECF No. 37 at 39, Petitioner filed his brief response on or

---

[2] Respondents supplied this Court with a copy of Petitioner's Second PCRA Petition, ECF No. 37 at 28 – 29. However, the copy which was provided had a first page that was partially illegible due to a post-it note adhered to the first page. Accordingly, the Court acquired a legible copy of the Second PCRA Petition from the Court of Common Pleas of Beaver County. The copy is attached hereto as Appendix I.

7

about June 7, 2017. ECF No. 37 at 42 – 43. On June 16, 2017, the PCRA Court dismissed Petitioner's Second PCRA Petition as time barred in addition to finding that the issues of trial counsel's alleged ineffectiveness had been waived for not being raised previously in the first PCRA petition. ECF No. 37 at 48 – 49. Petitioner was advised of his right to appeal to the Pennsylvania Superior Court. From the docket of Petitioner's criminal case, it does not appear that he filed any appeal thereafter regarding the denial of his Second PCRA Petition.

We take judicial notice of the fact, as revealed by the dockets of the Court of Common Pleas of Beaver County, that while these federal habeas proceedings were pending, Petitioner filed on July 24, 2019, yet a third PCRA Petition in the Court of Common Pleas of Beaver County. The Court of Common Pleas of Beaver County on July 29, 2019, issued a Notice of Intent to Dismiss the Third PCRA Petition.

### B. Federal Court Procedural History

In the instant federal habeas action, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), ECF No. 1, which was granted. ECF No. 2. The Petition was filed on March 3, 2016. ECF No. 3. Respondents filed their Answer on April 14, 2016, wherein Respondents asserted that Petitioner had failed to exhaust certain of his claims. ECF No. 9. On February 24, 2019, Petitioner filed a Motion for Stay and Abeyance, wherein he sought a stay of these federal habeas proceedings while he returned to state court to exhaust his state court remedies with respect to those allegedly unexhausted claims. The Court did stay the case pending Petitioner's exhaustion of his state court remedies, but denied his request to require the state court to conduct an evidentiary hearing. ECF No. 15. After some intervening filings,

8

Petitioner file a Motion to Reopen the case on August 24, 2017. ECF No. 22. The Court granted the Motion to Reopen, and ordered Petitioner to file an amended Petition containing all claims that he wished to raise. ECF No. 23. Petitioner then filed the instant Amended Petition, which is the operative Petition. ECF No. 28.

In the instant Amended Petition, Petitioner raises nine Grounds for Relief:

**GROUND ONE**: Trial counsel was ineffective for failing to propelly [sic] and completely investigate and call alibi witnesses, in violation of 16th [sic] Amendment.

ECF No. 28 at 5.

**GROUND TWO**: Trial court violated the Due Process clause of the 14th Amendment by denying appellant from being involved in jury sellection [sic].

Id. at 7.

**GROUND THREE**: Trial Court denied Appellant effective representation in violation of the 6th Amendment.

Id. at 8.

**GROUND FOUR**: Prosecution withheld evidence in violation of the due process rights of the 14th Amendment.

Id. at 10.

Ground Five: [Petitioner's trial counsel was ineffective by] not "**bringing Petitioner's, Kenneth N. Baker's, mental illness to the [trial] Court's attention.[ ]**"

Id. at 15 – 16.

Ground Six: **[A]** Petitioner, despite his objections to his attorney, was *forced* to go trial with an (**ALL WHITE**) JURY. **Petitioner being an afro American male, his rights were violated by his attorney <u>NOT</u> objecting to this (ALL WHITE) JURY …** In addition, Petitioner's *Civil Rights* were violated by his attorney, Kurt Fuchel Esquire, and the Courts; **for refusing Petitioner his (*Civilly Protected Rights*) to be part of his Jury**

9

**Selection.**

Ground Seven:  **[B]** Petitioner's Counsel, Kurt Fuchel Esquire, **was clearly ineffective for failing to have an expert rebut the District Attorney's expert,** with respect to the *"right clothes"* worn by Petitioner's girlfriend at the time of this "false assault".

Ground Eight: **[C]** Petitioner, thru **pro se MOTIONS** did make the *Court aware prior to trial, and at trial there was a total conflict between Petitioner's counsel, Kurt Fuchel Esquire, and Petitioner,* but the Court totally disregarded Petitioner's conflict issue.

Ground Nine:  **[D] Petitioner's attorney from 1998, Frank Marttocci** [sic] **Esquire, did violate Petitioner's** *Civil Rights;* **by also being the District Attorney's Office – prosecuting attorney of Petitioner in/of this instant case mentioned.**

Id. at 16.

Respondents filed their Answer to the Amended Petition, but that Answer was in substance identical to the original Answer filed by Respondents and did not address any of the new claims which Petitioner raised in his Amended Petition. ECF No. 30.   Petitioner filed a Traverse to the Answer, noting the failure of Respondents to address his newly raised issues. ECF No. 31.

Consequently, the Court ordered Respondents to file a Supplemental Answer, addressing the newly raised claims made by Petitioner in the Amended Petition.   ECF No. 35. Respondents filed their Supplemental Answer.   ECF No. 37.   Petitioner then filed a Traverse to the Supplemental Answer.   ECF No. 40.

In February 2019, Petitioner filed a Motion for Discovery, ECF No. 42, which the Court denied.   ECF No. 43.   In Mach 2019, Petitioner filed a second Motion for Discovery, ECF No. 44, which the Court again denied.   ECF No. 45.

In July 2019, Petitioner filed a Notice of Appeal, which the Clerk's Office indicated was an appeal from this Court's Order filed at ECF No. 39. ECF No. 46.[3]

All parties have consented to the exercise of plenary jurisdiction by a United States Magistrate Judge. ECF Nos. 11, 13.

## III. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's initial habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

---

[3] Petitioner's interlocutory "appeal" does not divest the District Court of jurisdiction to adjudicate the Petition. Paolicelli v. Rozum, CIV.A. 10-1578, 2012 WL 2922754, at *1 (W.D. Pa. July 17, 2012) ("Petitioner filed an interlocutory appeal of the order denying his Motion for Release From Custody. ECF No. 23. Such an interlocutory appeal from a non-final order does not divest this Court of jurisdiction to adjudicate the Petition. *See, e.g., U.S. v. Amarra–Herrarte*, 153 F. App'x 452, 454 (9th Cir. 2005) ('Second, Amarra–Herrarte's interlocutory appeal did not rob the district court of jurisdiction to try the case. His appeal was properly dismissed for lack of jurisdiction because he appealed from a non-final order. An appeal from an unappealable order does not divest a district court of jurisdiction.'); *U.S. v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) ('notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court').").

Where the state court has reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state court's disposition of that issue.   See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d).   In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted).   A state court decision can be contrary to clearly established federal law in one of two ways. First, the state courts could apply a wrong rule of law that is different from the rule of law required by the United States Supreme Court. Secondly, the state courts can apply the correct rule of law but reach an outcome that is different from a case decided by the United States Supreme Court where the facts are indistinguishable between the state court case and the United States Supreme Court case.

In addition, it is to be stressed that we look to the United States Supreme Court holdings under the AEDPA analysis as "[n]o principle of constitutional law grounded solely in the holdings of the various courts of appeals or even in the dicta of the Supreme Court can provide the basis for habeas relief." Rodriguez v. Miller, 537 F.3d 102, 106–07 (2d Cir. 2008) (citing Carey v. Musladin, 549 U.S. 70 (2006)).   The United States Court of Appeals for the Third

12

Circuit has explained that "Circuit precedent cannot create or refine clearly established Supreme Court law, and lower federal courts 'may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to [the Supreme] Court, be accepted as correct.'" Dennis v. Sec., Pennsylvania Dept. of Corrections, 834 F.3d 263, 368 (3d Cir. 2016) (quoting, Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (per curiam)). As the United States Supreme Court has further explained: "[s]ection 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." White v. Woodall, 572 U.S. 415, 428 (2014).

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Finally, it is a habeas petitioner's burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent and/or an unreasonable determination of the facts. Ross v. Atty. Gen. of State of Pennsylvania, CIV.A. 07-97, 2008 WL 203361, at *5 (W.D. Pa. Jan. 23, 2008).

## IV. DISCUSSION

### A. Ground One Does Not Merit Relief.

In Ground One, Petitioner asserts that his trial counsel was ineffective by failing "to propelly [sic] and completely investigate and call alibi witnesses, in violation of 16th [sic] Amendment." ECF No. 28 at 5. More specifically, he alleged Attorney Fuchel's ineffectiveness

for failing to "call expert witness to challenge expert testimony.... did not look into material evidence of phone records in pretrial[,] no expert witness in the field of bite marks nor did he call witnesses that would have provided the whereabouts of the Petetenore [sic]." Id.

The PCRA trial court, and hence, by adoption, the Superior Court addressed this issue on the merits.

### 1. The decision of the state courts is not contrary to Strickland.

In addressing the claim of trial counsel's alleged ineffectiveness raised in Ground One, both the PCRA trial court and the Superior Court, by adoption, applied the state court test for ineffective assistance of counsel derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987) (the "Pierce standard"). ECF No. 9-19 at 8 - 9. The Pierce standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland in the sense of being a wrong rule of law. Hence, Petitioner cannot show that the Superior Court's disposition of Ground One is contrary to United States Supreme Court precedent in the first sense of applying a wrong rule of law. Nor has Petitioner shown that the Superior Court's disposition is contrary to United States Supreme Court precedent in the second sense, i.e., he fails to point to a case decided by the United States Supreme Court where the facts are indistinguishable from his case but where the state court reached an outcome different from the outcome reached by the United States Supreme Court.

14

## 2. The state courts did not unreasonably apply <u>Strickland</u>.

Moreover, Petitioner has failed to show that the PCRA trial court's and the Superior Court's decision was an unreasonable application of Supreme Court precedent on ineffective assistance of counsel.

In <u>Strickland</u>, the United States Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. <u>Strickland</u>, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. <u>Lewis v. Mazurkiewicz</u>, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." <u>United States v. Kauffman</u>, 109 F.3d 186, 190 (3d Cir. 1997)(quoting <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir. 1989)).

Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. To

establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the state courts addressed Petitioner's claims of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA as to those claims, which results in a doubly deferential standard as explained by the United States Supreme Court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

Premo v. Moore, 562 U.S. 115, 122 - 123 (2011) (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'"), *rejected on other grounds by*, Dennis, 834 F.3d at 293.

In addressing Ground One, the state courts found that Petitioner had failed to show either merit to the claims or prejudice. Specifically, the various components of Ground One were addressed by the PCRA trial court in its opinion. ECF No. 9-19 at 9 – 11 (regarding phone records and impeachment of the victim with the phone records).

In regards to the phone records and impeachment of the victim, the state courts found that

> Even if Defendant was eligible for relief based on this claim, Defendant must establish that Attorney Fuchel's failure to subpoena and impeach Ms. Dreher with the phone records resulted in prejudice to him. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce,* 786 A.2d 203, 213 (Pa. 2001) (citing *Commonwealth v. Kimball,* 724 A.2d 326, 332 (Pa.1999)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Rathfon,* 2006 Pa. Super, 106, 899 A.2d 365, 370 (2006).
>
> If Attorney Fuchel had subpoenaed the phone records and, in doing so, demonstrated that there was a phone call placed between Defendant and Ms. Dreher at some point on the morning of July 26, 2010, it cannot be said that this would have undermined confidence in the outcome of the trial. Ms. Dreher consistently provided the same explanation for her injuries since she escaped from her residence on the morning of July 26, 2010. Her account was supported by additional evidence presented by the Commonwealth. For example, multiple witnesses, including Defendant, testified that Defendant was present at Ms. Dreher's residence at the approximate time that these crimes occurred. Dr. Maenza testified that, based on his examination of Ms. Dreher, he believed that Ms. Dreher's injuries were consistent with her account of how they were caused. T.T, at 302. Alex Glessner testified that Ms. Dreher's nightgown contained semen stains that matched Defendant's DNA profile. *Id.* at 399, In light of the totality of the evidence presented, the Court concludes that Defendant failed to demonstrate a reasonable probability that, but for Attorney Fuchel's alleged error, the outcome of the trial would have been different. Because Defendant failed to establish prejudice resulting from Attorney Fuchel's alleged error, Defendant was not entitled to relief on this claim.

Com. v. Baker, 2014 WL 10788752, at *6; ECF No. 9-19 at 10 – 11.

Petitioner simply fails to show, under the doubly deferential standard applicable to this claim, that the state courts' disposition of this sub-claim of Ground One was an unreasonable disposition under Strickland.

As to the sub-issue of trial counsel's alleged failure to retain and call a forensics medical expert (presumably the bite mark expert expressly mentioned in Ground One herein), a psychologist and a private investigator, the state courts found that Petitioner failed to show prejudice because he failed to show, *inter alia*, that such witnesses existed, that counsel knew or should have known of such witnesses, and that the absence of the witness was prejudicial. ECF No. 9-19 at 12. The state courts specifically found that Petitioner "was unable to even identify the witnesses he wanted Attorney Fuchel to call." Id.

Petitioner fails to show, under the doubly deferential standard applicable herein, that this disposition is an unreasonable application of Strickland, as is his burden. See, e.g., Moore v. DiGuglielmo, 489 F. App'x 618, 626 (3d Cir. 2012)("The five requirements set forth by the Pennsylvania Supreme Court [to show ineffective assistance of counsel for failing to call a witness, (which is the very same test utilized by the PCRA court in Petitioner's case, Baker, 2014 WL 10788752 at *7; ECF No. 9-19 at 12)] would necessarily need to be shown to prevail under Strickland on a claim of this nature.").

Accordingly, Ground One does not afford Petitioner relief in these federal habeas proceedings.

**B. Grounds Two and Six Do Not Merit Relief.**

In Ground Two, Petitioner argues that "Trial court violated the Due Process clause of the

14th Amendment by denying appellant from being involved in jury sellection [sic]." ECF No. 28 at 7. Petitioner asserts that the trial court denied him a chance to participate in picking the jury.

In Ground Six, Petitioner complains that despite his objections to his attorney, he was forced to go trial with an all-white jury, even though he is an African American male. In addition, Petitioner complains that his civil rights were violated because he was not permitted to be part of the jury selection process. ECF No. 28 at 16.

The state courts addressed these claims about the jury and Petitioner's participation in the jury selection process as follows:

> Defendant asserts that Attorney Fuchel selected the jury without Defendant's consent, and, after this was reported to the Court, Defendant was denied the right to re-pick without any reason. Attorney Hurst addressed this issue in her no-merit letter, and the Court adopted the reasoning set forth therein. For purposes of this Opinion, the Court notes that Defendant was present for jury selection and that he did participate in the selection process. To the extent that Defendant was not involved in the selection process, it was a result of his own unwillingness to work with Attorney Fuchel. Defendant alleges no other defect with respect to voir dire. Therefore, Defendant was not entitled to select another jury.

Com. v. Baker, 2014 WL 10788752, at *12; ECF No. 9-19 at 20.[4]

---

[4] In the no-merit letter, Attorney Hurst addressed this issue as follows:

> [Petitioner] asserts that he was not present for jury selection and that all members of the jury were selected without consent. However, it is clear from the transcript of the Voir Dire proceedings on July 12, 2011 that Mr. Baker, albeit uncooperative initially, was present throughout the entire jury selection. Further, prior counsel addresses this issue at the beginning of trial, even going so far as to bring his concern for Mr. Baker's claim of this issue before the Judge prior to the

Petitioner fails to show, as is his burden, that the foregoing analysis was contrary to or an unreasonable application of any United States Supreme Court precedent or constituted an unreasonable determination of the facts.

As for Petitioner's other sub-claim in Ground Six that he was denied a right to a fair cross section of a jury of his peers because the jury was allegedly all white, Petitioner failed to raise this claim either on direct appeal or in his Statement of Errors Complained of On Appeal filed

---

entrance of the jury in order to avoid prejudice to the defendant. (Trial Transcript pg. 4 hereinafter "T.T." pg. 4). Prior counsel admits on record that when it was time for jury selection, Mr. Baker was presented with all individual juror forms and was asked to review the forms. Prior counsel stated that Mr. Baker would only look at three (3) juror forms then claimed, "I'm not participating. I'm not dealing with this. I 'm not doing anything." (T.T. pg. 6). It is also acknowledged by the Court that prior counsel was attempting to consult Mr. Baker and that he, Mr. Baker, was in fact present for Voir Dire. (T.T. pg. 6) The Court questioned prior counsel on his strategy and how he involved the defendant in the selection process. (T.T. pg. 12 – 13) Yet, even with the uncooperativeness of the defendant, it is evident that prior counsel was active in jury selection proceedings on behalf of the defendant. It is noted that prior counsel interviewed jurors to verify that they were impartial and adept in following instructions. Prior counsel also struck jurors at appropriate times for cause and when appropriate, agreed to strike jurors based upon recommendations from the Commonwealth. Therefore, this claim lacks merit for the fact that Mr. Baker was present for Voir Dire, had the opportunity to participate in the jury selection, but refused to do so.

ECF No. 9-17 at 12 – 13.

during the PCRA proceedings.   Accordingly, this sub-claim is procedurally defaulted.   Nor on this record, can Petitioner establish any excuse for this failure.

Accordingly, Grounds Two and Six fail to afford Petitioner federal habeas relief.

### C.   Grounds Three, Five, Seven, Eight and Nine were Procedurally Defaulted.

#### 1.   Ground Three

In Ground Three, Petitioner claims that the "Trial Court denied Appellant effective representation in violation of the 6th Amendment."   ECF No. 28 at 8.   Petitioner asserts that he told the Trial Court that "I would like to have trial counsel remove[d] from my case so that I will be able to retain other trial counsel.   Where is [sic] the Hon. Kim Tesla call[ed] the trial lawyer on the phone and spoke with where it state[s] that counsel was willing to take on the case."   Id.

This claim was procedurally defaulted.   Petitioner is claiming that the trial court apparently interfered with his right to have counsel.   However, this claim was available to Petitioner in post sentence motions and in his direct appeal.   Even though available to Petitioner, he never raised this claim on direct appeal.[5]   Therefore, it is procedurally defaulted. See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 671 n. 4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Godfrey v. Patrick, CIV.A. 05–1106, 2006 WL 3692598, at *11 (W.D. Pa., Dec. 12, 2006) ("Because this rule of waiver [for failing to raise an

---

[5] Pa. Superior Court Opin. On Direct Appeal, ECF No. 9-16 at 4 ("As previously mentioned appellant's sole issue is that the verdict is against the weight of the evidence.").

issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.") (footnote omitted); Barrett v. Patrick, NO. CIV.A. 05–370J, 2006 WL 2077019, at *6 n. 7 (W.D. Pa., July 24, 2006) ("Pennsylvania applies a rule of waiver in multiple contexts. An issue not raised at trial or on appeal is waived. Moreover, Pennsylvania's rule of waiver for failing to raise an issue on appeal is 'independent' of any federal law question.") (citations omitted).

Nor did Petitioner raise this issue in his Statement of Errors Complained of on Appeal during the PCRA proceedings, which is required to be filed by Pa. R. App. 1925(b).[6] Accordingly, this ground for relief is also procedurally defaulted for this reason. See, e.g., Buck v. Colleran, 115 F. App'x 526 (3d Cir. Sept. 27, 2004) ("Pennsylvania Rule 1925(b) expressly requires that all issues on appeal be identified. Petitioner did not identify his Fifth Amendment claims in his preliminary Rule 1925(b) statements, nor did he request an extension of time because of the delay of the trial judge in filing his opinion. Moreover, he did not file a motion to supplement the preliminary 1925(b) statements and identify the Fifth Amendment issues to be argued after the trial judge filed his opinion. Accordingly, we see no error in the Pennsylvania Superior Court judgment that petitioner's two Fifth Amendment issues were waived" and, therefore, procedurally defaulted); Rose v. McGrady, CIV.A. 09-217E, 2012 WL 1288768, at

---

[6] On searches in vain for even a mention of this issue in Petitioner's pro se Statement of Errors filed in the PCRA proceedings.  ECF No. 9-18 at 5 – 10.

22

*3 (W.D. Pa. Apr. 16, 2012) ("Petitioner's procedural default of his claims was his failure to raise these three claims in his Statement of Matters Complained of On Appeal as required by Pa.R.A.P.1925(b) and/or his briefs to the Pennsylvania Superior Court.").

Petitioner did not raise this issue in his Second PCRA Petition.

Accordingly, Ground Three is procedurally defaulted and, on the record of guilt before this Court, there is no ground on which to excuse the procedural default. Hence, Ground Three cannot form the basis for the grant of federal habeas relief. Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991) (the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief."), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).[7]

---

[7] To the extent that Respondents did not raise procedural default as to any of the claims which this Court finds to have been procedurally defaulted, this Court may raise the issue of procedural default sua sponte. Szuchon v. Lehman, 273 F.3d 299, 321 n. 13 (3d Cir. 2001) (holding that in the interests of comity and federalism a court may raise procedural default sua sponte). See also Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("raising procedural habeas issues furthers the interests of comity and federalism. We have stated that, because these concerns are so important, it is not exclusively up to the parties to decide whether habeas procedural issues should be raised or waived.") (citations omitted). To the extent that Petitioner raised any of these claims in his pro se filings, which he made while represented by counsel, the Pennsylvania rule against hybrid representation supplies an independent and adequate state law ground for finding Petitioner procedurally defaulted any such claims raised pro se while he was represented by counsel. McMullen v. Bush, CV 15-686, 2017 WL 4863125, at *8 (W.D. Pa. Oct. 5, 2017) ("under the Pennsylvania procedural rule against hybrid-representation, which is an independent and adequate state law ground, Petitioner cannot rely on any such pro se filings while represented by counsel in order to overcome the procedural default of his claims."), *report and recommendation adopted*, CV 15-686, 2017 WL 4842566 (W.D. Pa. Oct. 26, 2017).

## 2. Ground Five

Similarly, Ground Five was procedurally defaulted because it was never presented to the state courts until Petitioner filed his Second PCRA Petition, which the PCRA trial court found to have been time-barred. In Ground Five, Petitioner complains that his trial counsel was ineffective by not "bringing Petitioner's Kenneth N. Baker's mental illness to the [trial] Courts attention." ECF No. 28 at 15 – 16. However, Respondents contend in their Supplemental Answer, this claim of attorney error for failure to raise Petitioner's mental health issues was never raised in the state courts. Hence, it is procedurally defaulted. ECF No. 37 at 2 – 5. Respondents are correct that Petitioner's failure to ever raise an issue in state court would constitute a procedural default if some state law rule would prevent him from doing so now, and there is such a state law rule, namely, the PCRA statute of limitations. Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006) (affirming the District Court where "The District Court ruled that Tome's federal ineffective assistance of trial counsel claim was never exhausted in the state appellate courts. Because such a claim could now be raised only in a second PCRA petition and such a petition would be barred by the PCRA's one-year statute of limitations, the District Court ruled that the claim was procedurally defaulted."); Tokarcik v. Burns, CIV.A. 12-253J, 2015 WL 3457927, at *5 (W.D. Pa. Apr. 14, 2015) ("because it appears that Petitioner never raised Ground One in the state courts, and because he cannot do so now given the one year statute of limitations applicable to PCRA Petitions, Petitioner has procedurally defaulted Ground One."), *report and recommendation adopted*, CIV.A. 12-253J, 2015 WL 3480333 (W.D. Pa. May 29, 2015); Louder v. Patrick, CIV.A.06-617, 2007 WL 1576399, at *9 (W.D. Pa. May 31, 2007)

24

("Because Petitioner never raised this federal due process issue in the state courts, he has waived the issue there and because he cannot now raise this issue in the State Courts due to the PCRA statute of limitations, he has procedurally defaulted the claim.").

However, Respondents are not quite accurate that Petitioner never raised this claim, or at least a closely related claim, in the state courts. In fact, Petitioner raised a version of this claim in his Second PCRA Petition. Specifically, Petitioner contended that "Thomas Kurt Fuchel Sr. failed to seek a psychological evaluation for the Defendant prior to standing trial." Appendix I, ¶ 5. However, the PCRA trial court found that the Second PCRA Petition was time barred. Because the PCRA Court found that the Second PCRA Petition was time barred, the issues raised therein, including the claim concerning Attorney Fuchel's alleged ineffectiveness with respect to Petitioner's mental health issues, are procedurally defaulted. Peterson v. Brennan, 196 F. App'x 135, 142 (3d Cir. 2006) (holding that a habeas petitioner procedurally defaulted his claim by failing to comply with the PCRA statute of limitations and concluding "we will affirm the District Court's order that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief").

Petitioner committed yet a second procedural default of this and any other claims raised in the Second PCRA Petition by failing to file an appeal from the PCRA trial court's denial of PCRA relief to the Superior Court. See, e.g., Mobley v. Tritt, 16-CV-761, 2019 WL 3215995, at *11 (E.D. Pa. June 18, 2019) (failure to file a timely appeal to Superior Court constituted a procedural default), *report and recommendation adopted*, 16-CV-761, 2019 WL 3208358 (E.D. Pa. July 15, 2019).

25

Notwithstanding the fact that Respondents specifically asserted in their Supplemental Answer that Petitioner had no ability to show cause and prejudice or a miscarriage of justice to excuse his procedural default, and even though Petitioner filed a response to the Supplemental Answer, Petitioner never asserted that he did have cause and prejudice or any other excuse for his procedural default. ECF No. 40.[8]  Accordingly, Petitioner has failed to carry his burden to show why his procedural default of Ground Five should be overlooked.  See, e.g., Suber v. Kerestes, No. CIV.A. 09-1049, 2011 WL 500763, at *3 (W.D. Pa. Feb. 10, 2011) ("Because Petitioner has not shown, as is his burden, cause and prejudice to excuse the default of this claim, nor has he established a miscarriage of justice, this claim cannot be addressed on the merits and thus, cannot serve to afford Petitioner relief from his convictions.") (footnotes omitted).

Accordingly, Ground Five, having been procedurally defaulted, and Petitioner having no excuse for such default, cannot now form the basis for federal habeas relief.

---

[8] We note that in his Reply to the Supplemental Answer, Petitioner does assert that he "did NOT commit the crime that Petitioner was wrongfully found guilty of committing."  ECF No. 40 at 1. To the extent that this could be construed as a claim of "actual innocence", Petitioner offers no newly discovered evidence of such so as to carry his burden to show a "miscarriage of justice." Shoulders v. Eckard, CV 14-1753, 2016 WL 1237798, at *3–4 (W.D. Pa. Feb. 29, 2016) ("In order to successfully invoke the 'miscarriage of justice exception, a petitioner must: 'satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. *Schlup*, 513 U.S. at 327–28. Second, the petitioner must establish 'that it is more likely' than not that no reasonable juror would have convicted him in light of the new evidence.''), *report and recommendation adopted*, 2:14CV1753, 2016 WL 1213627 (W.D. Pa. Mar. 29, 2016).

### 3. Ground Seven

In Ground Seven, Petitioner complained that his trial counsel, Kurt Fuchel, was clearly ineffective for failing to have an expert rebut the District Attorney's expert, with respect to the "right clothes" worn by Petitioner's girlfriend at the time of this "false assault." This issue was not raised in either Petitioner's direct appeal (which would not be proper, in any event, under Commonwealth v. Grant, 813 A.3d 726 (Pa. 2002), which requires ineffectiveness claims to be raised in PCRA proceedings) or in his Statement of Errors Complained of on Appeal in his PCRA proceedings. Accordingly, the claim is procedurally defaulted and does not provide a ground for relief in these federal habeas proceedings.

### 4. Ground Eight

In Ground Eight, Petitioner complains that in his pro se motions he made the Court aware that there was a conflict between him and Attorney Fuchel, his trial counsel, and that the trial court totally disregarded this issue of conflict between Petitioner and his trial counsel. The Superior Court specifically found that this issue was waived for Petitioner's failure to raise the claim in his PCRA Petition and for failing to raise it in his Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal. Com. v. Baker, 2014 WL 10788752, at *1 n.1 ("However, Judge Tesla did not address Appellant's seventh issue, in which he argues that the PCRA court erred by failing 'to acknowledge or address' the trial court's denial of his pretrial motions alleging that his counsel was ineffective and requesting a continuance to retain private counsel. *See* Appellant's Brief at 23–24. Judge Tesla did not address this claim because it was not specifically asserted in Appellant's pro se PCRA petition, or raised in his Pa.R.A.P.1925(b)

statement. *See* Pro Se Petition, 1/18/12; Rule 1925(b) Statement, 2/6/14. Accordingly, this issue is waived."); ECF No. 9-22 at 2 n.1.  Accordingly, Ground Eight cannot afford a basis for federal habeas relief.

### 4.  Ground Nine

In Ground Nine, Petitioner complains that one of the prosecutors in his trial, namely, Frank Martocci, was his criminal defense attorney in 1998, and that this violated Petitioner's "civil rights." ECF No. 28 at 16.  As this claim was available to Petitioner during the direct appeal but not raised therein nor raised in his Statement of Errors Complained of on Appeal in the PCRA proceedings, the claim is procedurally defaulted and cannot form the basis for federal habeas relief.

### D.  Ground Four Does Not Merit Relief.

In Ground Four, Petitioner complains that the "Prosecution withheld evidence in violation of the due process rights of the 14th Amendment." ECF No. 28 at 10.  More specifically, Petitioner complains that there was an alleged bite mark on the victim's breast but the prosecution and Petitioner's defense counsel failed to get a bite impression from Petitioner so as to show that his bite impression was different from the alleged bite mark left on the victim's breast. Petitioner also complains that photos were never shown to him and further that crime scene photos showed that the crime scene was "staged" because certain items were moved around.

To the extent that Petitioner complains that the prosecution did not create a bite mark impression of Petitioner's teeth, Petitioner simply has no federal constitutional right to require

the state to create any such evidence.   Shoulders v. Eckard, 2:14CV1753, 2016 WL 1213627, at

*1 (W.D. Pa. Mar. 29, 2016) ("If the Commonwealth does not possess evidence, it cannot violate

its obligations under *Brady* by failing to produce such non-existent evidence.")(citing Saunders-

El v. Rohde, 778 F.3d 556, 562 (7th Cir. 2015), *reh'g denied* (Feb. 26, 2015) ("*Brady* does not

require the creation of exculpatory evidence") and Goins v. Lewis, 106 F.3d 407 (9th Cir. 1997)

("*Brady*, however, does not require the prosecution to create exculpatory evidence for the

defendant.")).

To the extent that Petitioner contends his trial counsel was ineffective for failing to have

such evidence created, the state courts rejected such a claim of ineffectiveness as follows:

> Defendant's next argument is that Attorney Fuchel was ineffective for
> failing to conduct a bite mark analysis on him and Ms. Dreher. According to
> Defendant, Ms. Dreher had bite marks on her following the attack. Defendant also
> points out that his left front tooth has been missing since 1985. Defendant claims
> that Attorney Fuchel should have compared the alleged bite marks on Ms. Dreher
> to Defendant's bite impression. He asserts that, if the marks did not match, it
> would prove his innocence.
>    As Attorney Hurst points out in her no-merit letter, Dr. Maenza testified
> that, although the bruise on Ms. Dreher had the characteristics of a bite mark, he
> could not say with certainty that the bruise was caused by biting. T.T., at 306–07.
> Since it could not be established that the bruise was a bite mark, it is unlikely that
> Defendant could have demonstrated that the bruise was caused by someone else
> biting Ms. Dreher. Furthermore, Defendant does not indicate how he would go
> about proving this point. Presumably, Defendant would require some type of
> medical testimony, but Defendant does not identify a witness that could support
> his theory. Even if Defendant was successful in establishing that he did not cause
> the bruise, there still remained substantial evidence to support the jury's verdict.
> Therefore, Defendant was not entitled to PCRA relief based on this claim.

Com. v. Baker, 2014 WL 10788752, at *9; ECF No. 9-19 at 14.

Petitioner does not show that this disposition of his claim in Ground Four is contrary to or an unreasonable application of United States Supreme Court precedent on ineffectiveness.

Another sub-claim in Ground Four is that the photos of the crime scene allegedly show at least one item, namely, a high school reunion program, was moved from one place to another place at the crime scene. The state courts addressed this issue as follows:

> Defendant seems to suggest that Attorney Fuchel was ineffective for failing to point out that Commonwealth's Exhibit 1 was at one location in one photograph of the crime scene and at another location in a different photograph of the crime scene.
>    Commonwealth's Exhibit 1 is the high school reunion program that Ms. Dreher received when she attended the reunion on the evening of Saturday, July 24, 2010. In Commonwealth's Exhibit 40, which is a photograph that depicts part of Ms. Dreher's bedroom, the program can be seen on her bed. It appears that the program cannot be seen in any of the other photographs of parts of Ms. Dreher's bedroom that were admitted as exhibits, Commonwealth Exhibit 42 is also a photograph that displays, in part, Ms. Dreher's bedroom night stand, but the program does not appear to be present in that photograph. After reviewing the crime scene photographs, it is unclear to the Court whether the program was moved. Nevertheless, this claim is without merit. Defendant fails to explain how the movement of the high school reunion program establishes that the crime scene was tampered with or staged. Defendant also fails to explain how raising this point would have changed the outcome of his trial. Having failed to show that this claim has arguable merit or that Defendant was prejudiced by Attorney Fuchel's alleged inaction, Defendant was not entitled to PCRA relief based on this argument.

Com. v. Baker, 2014 WL 10788752, at *8; ECF No. 9-19 at 13. Petitioner fails to show that this disposition was contrary to or an unreasonable application of Supreme Court precedent on ineffectiveness. Accordingly, this sub-claim of Ground Four does not merit federal habeas relief.

As none of the sub-claims in Ground Four warrant relief, Ground Four cannot serve as the basis for the grant of federal habeas relief.

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).   The Court concludes that jurists of reason would not find it debatable whether the Petitioner made a substantial showing of the denial of a constitutional right.   Accordingly, a certificate of appealability will be denied.

## VI.   CONCLUSION

**AND NOW,** this *19th* of August 2019, it is hereby **ORDERED** that for the reasons set forth herein, the Amended Petition is **DENIED**.   Because we conclude that jurists of reason would not find the foregoing debatable, a certificate of appealability is likewise **DENIED**.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATE MAGISTRATE JUDGE


cc:   KENNETH N. BAKER
KF-9152
SCI Albion
10745 Route 18
Albion, PA 16475-0002

31